# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40107

ESAW LAMPKIN,

Plaintiff-Appellant

v.

BOBBY DEAN; JOE CASSIN; DON LEACH; BRANDON T. WINN; KAREN REAM,

Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:15-CV-496

United States Court of Appeals
Fifth Circuit
**FILED**
April 16, 2018

Lyle W. Cayce
Clerk

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Esaw Lampkin, Texas prisoner # 1912325, moves for leave to proceed in forma pauperis (IFP) on appeal from the judgment dismissing his 42 U.S.C. § 1983 claims against the defendants. The district court denied IFP status upon certifying that Lampkin's appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). We deny the motion to proceed IFP

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40107

and dismiss Lampkin's appeal as frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Baugh*, 117 F.3d at 202 & n.24.

By moving in this court to proceed IFP, Lampkin challenges the district court's certification that his appeal is not taken in good faith. *See Baugh*, 117 F.3d at 202. A good faith appeal is one that "involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Lampkin's cursory IFP motion fails to make the requisite showing. In fact, aside from flatly declaring that his claims are not frivolous, he offers no actual argument to that end. Lampkin's failure to brief the IFP issue is the same as if he had not appealed the judgment at all. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). As a result, he has waived any challenge to the district court's IFP ruling and, thus, cannot show that the court's certification was an abuse of its discretion. *See Hughes v. Johnson*, 191 F.3d 607, 612-13 (5th Cir. 1999); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). And because Lampkin, by failing to brief the issue, does not rebut the finding that his appeal lacks arguable merit, we conclude that it is frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike against Lampkin under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Lampkin has previously filed at least one other civil action that was also dismissed as frivolous, which counts as a second strike for purposes of § 1915(g). Lampkin is WARNED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

No. 17-40107

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; APPELLANT WARNED.